## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CALVIN KEITH,** | : | **Civil No. 3:13-CV-2399** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | ( Judge Kosik) |
| | : | |
| **MICHAEL DELEO, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

In its current form this case presents a dilemma–how can the Court maintain a lawsuit with a plaintiff who has disappeared and whose present whereabouts are wholly unknown?  Because we conclude that the Court cannot reasonably maintain this litigation on these unusual facts it is recommended that this action be dismissed.

This is a *pro se* civil rights case filed by the plaintiff, a county prisoner, arising out of an incident in which the plaintiff stumbled and fell during a prisoner transport. At the time this complaint was filed, the plaintiff received a copy of this Court's Standing Practice Order.  (Doc. 6.)  That Standing Practice Order, in part, advised the plaintiff of his obligation to keep the Court fully informed regarding his whereabouts, stating in clear and precise terms that:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address.  If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing.  If the court is

> unable to communicate with the plaintiff because the plaintiff has failed
> to notify the court of his or her address, the plaintiff will be deemed to
> have abandoned the lawsuit.

(Doc. 6, p. 5.)

On December 30, 2013, we received notice that mail addressed to the plaintiff

had been returned as undeliverable, (Doc. 14.), and the plaintiff's current whereabouts

were unknown. As a *pro se* litigant the plaintiff's failure to maintain an address where

he could be reached itself violated the Rules of this Court; specifically, Local Rule

83.18, which provides that:

> **LR 83.18 Appearance of Parties Not Represented by Counsel.**
>
> Whenever a party by whom or on whose behalf an initial paper is offered
> for filing is not represented in the action, such party shall maintain on file
> with the clerk a current address at which all notices and copies of
> pleadings, motions or papers in the action may be served upon such
> party.

On April 21, 2014, the defendants moved to dismiss this complaint. (Doc. 17.)

When the plaintiff failed to respond to this motion, we issued an order directing a

response by May 23, 2014. (Doc. 19.) That order warned the plaintiff that a failure

to respond to this motion could result in the dismissal of the case. In addition, that

order instructed the plaintiff to provide the Court with a correct mailing address by

May 23, 2014, and advised the plaintiff that the failure to provide a valid address

could result in the Court construing the plaintiff to have abandoned this case.  (Id.) This order has also been returned as undeliverable.  (Doc. 20.)

It is against the backdrop of these procedural defaults that the defendants have now also moved to dismiss this complaint.  In the absence of any means by which we can communicate with the plaintiff, we will deem the motion to dismiss to be ripe for resolution.  For the reasons set forth below, we recommend that the motion to dismiss be granted.

## II.   Discussion

### A.   Under The Rules of This Court The Plaintiff Should Be Deemed to Have Abandoned This Lawsuit.

At the outset, under the Local Rules of this Court the plaintiff should be deemed to have abandoned this lawsuit by failing to provide the Court with an address where he can be reached, a direct violation of Local Rule 83.18.  The plaintiff's on-going violation of Local Rule 83.18, permits the Court to find that he has abandoned this litigation.  In this circumstance, dismissal of this action for failure to abide by Court orders or the Rules of this Court, and failure to prosecute, is fully justified.  See, e.g., Juaquee v. Pike County Corr. Facility Employees, 3:12-CV-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Kuhn v. Capitol Pavilion, 1:11-CV-2017, 2012 WL 5197551 (M.D. Pa. Oct. 19, 2012); Educ. Mgmt. Services, Inc. v. Pennsylvania, 1:10-CV-00441, 2012 WL 2389874 (M.D. Pa. June 25, 2012); Olguin v. Burgerhoff, 1:12-CV-

0003, 2012 WL 1580935 (M.D. Pa. May 4, 2012); Nowland v. Lucas, 1:10-CV-1863, 2012 WL 10559 (M.D. Pa. Jan. 3, 2012); Binsack v. Lackawanna County Dist. Attorney's Office, 3:08-CV-1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011); Washington v. Columbia County Prison, 3:CV-10-45, 2011 WL 98547 (M.D. Pa. Jan. 12, 2011). These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 83.18 by providing an address where we can communicate with this litigant. These failures now compel us to apply the sanction called for under Rule 83.18, and deem the plaintiff to have abandoned this litigation.

### B.  Under The Rules of This Court The Motion to Dismiss Should Be Deemed Unopposed and Granted.

In addition, under the Local Rules of this Court the plaintiff should be deemed to concur in the motion to dismiss, since the plaintiff has failed to timely oppose the motion, or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the Rules of this Court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not*

*to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). In this case the plaintiff has not complied with the Local Rules, or this Court's orders, by filing a timely response to this motion to dismiss. Therefore, these repeated procedural defaults by the plaintiff compel the Court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D.Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and

impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion'." Id. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to the motion to dismiss filed by the defendants in this case. These failures now compel us to apply the sanction called for under Rule 7.6 and deem the plaintiff to not oppose the motion to dismiss.

### C.   **Dismissal of this Case Is Also Warranted Under Rule 41**.

Beyond the requirements imposed by the Local Rules of this Court, Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir.

2002)(citations omitted).  That discretion, however, while broad is governed by certain

factors, commonly referred to as <u>Poulis</u> factors.  As the United States Court of Appeals

for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in
> dismissing a case for failure to prosecute], we evaluate its balancing of
> the following factors:  (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad
> faith; (5) the effectiveness of sanctions other than dismissal, which
> entails an analysis of alternative sanctions; and (6) the meritoriousness
> of the claim or defense. <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d
> 863, 868 (3d Cir.1984).

<u>Emerson</u>, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to

determine whether a District Court has abused its discretion in dismissing for failure

to prosecute." <u>Lopez v. Cousins</u>, 435 F. App'x 113, 116 (3d Cir. 2011)(quoting

<u>Briscoe v. Klem</u>, 538 F.3d 252 (3d Cir. 2008))  Therefore, "[i]n balancing the <u>Poulis</u>

factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether

a District Court abused its discretion in dismissing a plaintiff's case. <u>Mindek v.</u>

<u>Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir.1992)." <u>Briscoe v. Klaus</u>,  538 F.3d at 263.

Consistent with this view, it is well-settled that " 'no single <u>Poulis</u> factor is

dispositive,' <u>Ware</u>, 322 F.3d at 222, [and it is] clear that 'not all of the <u>Poulis</u> factors

need be satisfied in order to dismiss a complaint.' <u>Mindek</u>, 964 F.2d at 1373."

Briscoe v. Klaus,   538 F.3d at 263.   Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction.   See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action.  At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that our inability to communicate with this plaintiff and resolve this case, is entirely attributable to the plaintiff, who has failed to abide by Court orders, and Local Rules, by informing us of his whereabouts.

Similarly, the second Poulis factor– the prejudice to the adversary caused by the failure to abide by Court orders–also calls for dismissal of this action.  Indeed, this factor–the prejudice suffered by the party seeking sanctions–is entitled to great weight and careful consideration.  As the United States Court of Appeals for the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J.

Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir.1994) (internal quotation marks and citation omitted).  Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir.1988).  It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe  v. Klaus, 538 F.3d at 259-60.

In this case the plaintiff's failure to inform us where he can be reached, to litigate this claim or to comply with Court orders now wholly frustrates and delays the resolution of this action.  In such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge.  Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor-the history of dilatoriness on the plaintiff's part–it becomes clear that dismissal of this action is now appropriate.  In

this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.' <u>Adams</u>, 29 F.3d at 874." <u>Briscoe v. Klaus</u>, 538 F.3d at 260-61 (some citations omitted). Here, the plaintiff has failed to provide an address where he can be reached, and his whereabouts are unknown. Thus, the plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." <u>Adams,</u> 29 F.3d at 874.

The fourth <u>Poulis</u> factor–whether the conduct of the party or the attorney was willful or in bad faith–also cuts against the plaintiff in this case. In this setting we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. <u>Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund</u>, 29 F.3d 863, 875 (3d Cir.1994). At this juncture, when the plaintiff has failed to comply with instructions of the Court directing the plaintiff to provide us with the means to communicate with this party, and has violated the Local Rules, the Court is compelled to conclude that the plaintiff's actions are not isolated, accidental or inadvertent but instead reflect an on-going disregard for this case and the Court's instructions.

While <u>Poulis</u> also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing <u>Poulis</u> agree that in a situation such

as this case, where we are confronted by a *pro se* litigant who will not comply with the Rules or Court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the Court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion.   In any event, by entering our prior orders, and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail.   The plaintiff still declines to obey Court orders, has provided us with no means of communicating with this party, and otherwise ignores his responsibilities as a litigant.   Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims.   In our view, however, consideration of this factor cannot save this particular plaintiff's claims, since the plaintiff is now wholly non-compliant with his most basic obligations as a litigant–telling us where he is.   The plaintiff cannot refuse to provide this basic information which is necessary to allow resolution of the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him.   Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear

that 'not all of the <u>Poulis</u> factors need be satisfied in order to dismiss a complaint.' <u>Mindek</u>, 964 F.2d at 1373." <u>Briscoe v. Klaus</u>,  538 F.3d at 263.  Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent imposition of sanctions.  In this case we are utterly unable to communicate with the plaintiff, a fact which completely frustrates our ability to adjudicate the merits of his claims.  In such circumstances, dismissal of the action is entirely appropriate under Rule 41.  <u>See, e.g.</u>, <u>Juaquee v. Pike County Corr. Facility Employees</u>, 3:12-CV-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); <u>Binsack v. Lackawanna County Dist. Attorney's Office</u>, 3:08-CV-1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011).

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendant's Motion to Dismiss, (Doc. 17), be GRANTED and the complaint be dismissed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local

Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of May, 2014.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge